UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOSEPH FEATHERKILE,            :
                               :    NO. 1:07-CV-01023
        Petitioner,            :
                               :
    v.                         :    **OPINION AND ORDER**
                               :
WARDEN,                        :
                               :
        Respondent.            :


        This matter is before the Court on the Magistrate Judge's
Report and Recommendation (doc. 10), and Petitioner's Objection
(doc. 13).  For the reasons indicated herein, the Court ADOPTS in
part the Magistrate Judge's Report and Recommendation thus denying
Petitioner's petition for writ of habeas corpus, while it issues a
certificate of appealability on Petitioner's Second Objection (doc.
13), which the Court finds reasonable jurists could find debatable
and adequate for further review.

**I.  Background**

        The procedural history of this matter is long and well
recounted in the Magistrate Judge's Report and Recommendation,
which the Court incorporates by reference (doc. 10).  Essentially,
Petitioner was found guilty in 1999 for gross sexual imposition in
violation of Ohio Rev. Code § 2907.05(A)(4), for offenses against
his daughters in 1995, 1998, and early 1999 (<u>Id</u>.).  The state court
sentenced Petitioner on December 21, 1999 to consecutive terms of
imprisonment totaling seventeen years, determined that Petitioner

was a "sexual predator," and set such sentence to run consecutively with another sentence imposed against Petitioner for similar offenses against his niece (Id.).

On June 9, 2005, with the assistance of counsel, Petitioner moved to vacate his sentence, under the theory that the court had failed to notify him of the mandatory term of post-release control (Id.). The trial court resentenced Petitioner on September 27, 2005, to the original terms of imprisonment, while adding the notification that he would be subject to post-release control (Id.).

Petitioner filed a timely appeal of the resentencing decision, raising among other claims two assignment of error, 1) that the trial court erred by imposing non-minimum, maximum and consecutive sentences without findings by a jury, or admissions by defendant, of the factors necessary to support those sentences, and 2) the trial court erred by imposing non-minimum, maximum and consecutive sentences when the record did not establish the factors necessary to support those convictions (Id.). On June 14, 2006 the Court of Appeals sustained the two assignments of error in light of the Ohio Supreme Court's decision in State v. Foster, 845 N.E.2d 470 (Ohio 2006), and remanded the matter to the trial court for resentencing (Id.).

On July 13, 2006, the trial court resentenced Petitioner yet again, a third time, to the same terms of imprisonment

originally imposed (Id.). Petitioner again appealed, this time arguing 1) the ex post facto and due process clauses of the United States and Ohio Constitutions forbid retroactively imposing a sentence that does not comply with protections offered by the sentencing statutes in effect when the sentence was committed, or in re-sentencing Defendant under a different, and more onerous, statute; and 2) the rule of lenity bars interpretation of a statute in a manner most favorable to the state and least advantageous to the affected defendants (Id.). The Appeals Court rejected Petitioner's appeal finding that resentencing under Foster neither violated ex post facto nor rule of lenity principles (Id.). The Ohio Supreme Court subsequently denied Petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question (Id.).

On December 18, 2007, counsel from the Ohio Public Defender's Office filed the instant federal habeas petition on behalf of Petitioner, challenging the July 13, 2006 resentencing (Id.). Petitioner's grounds for relief mirror those raised in his appeal in that he challenges his resentencing under Foster as a violation of his ex post facto and due process rights, and he contends his sentencing violated the rule of lenity in statutory interpretation (Id.).

The Magistrate Judge reviewed Petitioner's Petition (doc. 1), Respondent's Answer/Return of Writ (doc. 6), and Petitioner's

Traverse in Reply (doc. 9), concluding that Petitioner is not entitled to habeas relief on either of the grounds he asserts (doc. 10). Petitioner filed his Objection (doc. 13), such that this matter is ripe for the Court's consideration.

## II.  The Magistrate Judge's Report and Recommendation

The Magistrate Judge addressed Petitioner's first ground for relief, finding Petitioner is not entitled to relief based on the claim that his resentencing under <u>Foster</u> amounts to a violation of the ex post facto and due process clauses (doc. 10). The Magistrate Judge noted that under the sentencing statute in effect at the time of Petitioner's original sentence in 1999, the court was required to impose the shortest prison term authorized for the offense unless the court would make findings that the shortest prision term would demean the seriousness of the offender's conduct, or would not adequately protect the public from future crime by the offender or others (<u>Id</u>.).

In September 2005, Petitioner was resentenced, before <u>Foster</u> had been decided, but after the Supreme Court had issued its decisions in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), and <u>United States v. Booker</u>, 543 U.S. 220 (2005). In <u>Blakely</u>, the high court held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 542 U.S. at 303. The Court defined the "statutory maximum" as "the

maximum sentence a judge may impose solely on the basis of facts reflected in the jury verdict or admitted by the defendant." <u>Id</u>. <u>Booker</u> applied <u>Blakely</u> to the federal sentencing guidelines. 543 U.S. 220.

While Petitioner's appeal of his second resentencing was pending, the Ohio Supreme Court issued its decision in <u>State v. Foster</u>, 845 N.E.2d 470 (Ohio 2006), which held certain provisions of the Ohio sentencing statute, Ohio Revised Code § 2929.14, unconstitutional under <u>Blakely</u> and <u>Booker</u> (<u>Id</u>.). The <u>Foster</u> court adopted the <u>Booker</u> remedy by severing the offending portions of the sentencing statute, including provisions mandating additional judicial fact-finding before the imposition of more than the minimum term for those who have never served a prison term or before the imposition of the maximum prison term (<u>Id</u>.). The Court thus gave trial courts "full discretion to impose a prison sentence within the statutory range" without having to make findings (<u>Id</u>. citing <u>Foster</u>, 845 N.E. 2d at 494-98).

The Ohio Court of Appeals applied the <u>Foster</u> decision in the instant case in determining that constitutional error had occurred in Petitioner's sentencing, and in severing the statute (<u>Id</u>.) As such, the Magistrate Judge reported, on remand the trial court had full discretion to impose a sentence within the range of the state statute (<u>Id</u>.).

The Magistrate Judge reported that Petitioner's challenge

of his resentencing is grounded in the request that the Court apply _Foster_ in finding the imposition of his non-minimum sentences unconstitutional, while rejecting the severance remedy (_Id_.). Essentially, Petitioner is contending that because the trial court at resentencing was able to give him a larger-than-minimum sentence without the state proving additional facts justifying a non-minimum or maximum term, the _Foster_ remedy violates his ex post facto and due process rights (doc. 13).

The Magistrate Judge reported that ex post facto concerns are not triggered in this case because the clause by its very terms applies to a limitation on the powers of the legislature and not to judicial decisions (doc. 10, _citing_ _McGhee v. Konteh_, No. 1:07-CV-1408, 2008 WL 320763, at *10(N.D. Ohio Feb. 1, 2008).  However, the Magistrate Judge noted that the Fourteenth Amendment's Due Process Clause does limit ex post facto judicial decision-making (_Id_.).  As such, retroactive judicial decision-making must comport with core due process concepts of notice, forseeability, and fair warning about criminal penalties that attach to previously innocent conduct (_Id_. _citing_ _Bouie v. City of Columbia_, 378 U.S. 347, 351, 352, 354-55 (1964)).

In this case, the Magistrate Judge found, Petitioner cannot prevail on any claim that he lacked sufficient notice or fair warning, because _Blakely_, _Booker_, and _Foster_ did not change the elements necessary to support his conviction on the gross

sexual imposition charges, and Petitioner was aware of the potential penalties he faced both before and after _Foster_ (_Id_.). As such, the Magistrate Judge concluded that Petitioner cannot prevail on his ex post facto and due process theories as applied to his July 2006 resentencing to the exact same term of imprisonment originally imposed in 1999 (_Id_.).

As for Petitioner's claim in ground two that he was denied due process because of a violation of the rule of lenity, the Magistrate Judge found such claim not cognizable in a federal habeas proceeding (_Id_.). Citing _Bowen v. Romanowski_, No. Civ. 05-CV-72754-DT, 2005 WL 1838329, at *2 (E.D. Mich. August 2, 2005), the Magistrate Judge noted that the rule of lenity is merely a canon of statutory interpretation, and "nothing in the federal consitution requires a state to apply the rule of lenity when interpreting a state statute." (_Id_.).

The Magistrate Judge thus recommended the Court deny Petitioner's Petition for Writ of Habeas Corpus (_Id_.). The Magistrate Judge further recommended that no certificate of appealability should issue and that Petitioner should be denied leave to appeal _in forma pauperis_ upon a showing of financial necessity (_Id_.).

## III.  Petitioner's Objections

Petitioner contends that the Magistrate Judge incorrectly defined the maximum sentence to which he was subject pre-_Foster_,

7

because findings were never made to support any sentence other than a minimum sentence, which he contends is four years (doc. 13)[1]. Next, Petitioner contends that because pre-<u>Blakely</u> federal sentencing laws were fundamentally different than pre-<u>Foster</u> Ohio sentencing laws, the severance remedy as applied in <u>Foster</u> results in an outcome where the trial court need not provide any reasons for departing from the guidelines (<u>Id</u>.).  Ex post facto concerns are involved here, contends Petitioner, because the standard of punishment applied to him changed upon resentencing (<u>Id</u>. <u>citing</u> <u>Lindsey v. Washington</u>, 301 U.S. 397, 401 (1937)).  Petitioner argues that the Ohio Supreme Court's severance remedy operates retrospectively and disadvantages him because its action eliminated presumptive sentences and increased the potential total sentence beyond that justified by the jury verdict (<u>Id</u>.).  Moreover, Petitioner contends the elimination of fact-finding for sentences beyond the presumptive range disadvantages his ability to gain appellate review (<u>Id</u>.).

Petitioner next contends he had no fair warning that the Ohio Supreme Court would sever the sentencing statute and thus replace a trial court's "guided discretion" with unfettered, unreviewable discretion (<u>Id</u>.).  He argues the <u>Booker</u> remedy does

_____

[1] As the parties both acknowledge in their briefing, the Court need not address Petitioner's theory in his petition that his consecutive sentences triggered Sixth Amendment concerns because such theory is foreclosed by <u>Oregon v. Ice</u>, 129 S.Ct. 711 (2009).

apply to a statutory scheme such as Ohio's, where absent findings, courts are left with unrestrained discretion to impose a sentence beyond the previous statutory maximum (Id.). Quoting Jones v. United States, 526 U.S. 227 at 244 (1999), he argues the Framers would not have tolerated "exclusively judicial factfinding to peg penalty limits" (Id.).

Petitioner contends that Foster, as applied to his case, shows that his first sentencing was unconstitutionally imposed (Id.). However, he argues the severance remedy cannot be applied to his case because such remedy increases the presumptive sentence for a first-time offender, and for any one convicted of a fourth- or fifth-degree felony to the statutory maximum, in violation of his ex post facto and due process rights (Id.). Morevoer, Petitioner contends, such remedy conflicts with the Ohio legislature's truth in sentencing reforms embodied in the severed statutes (Id.)

In his final objection, Petitioner argues that at the very least the Court should issue a certificate of appealability and grant a motion for leave to file in forma pauperis (Id.). Petitioner contends that precedent in this Court has been premised on the theory that the severance remedy as applied in Foster equates the remedy in Booker, and reasonable jurists could disagree as to whether the cases were analogous, and an appeal could be taken in good faith (Id.).

## IV.  Discussion

The Court finds well-taken the Magistrate Judge's conclusion that ex post facto and due process concerns are not properly triggered in this case because Petitioner had fair warning of the potential penalties he faced on the gross sexual imposition charges he faced, both before and after <u>Foster</u>.  <u>Blakely</u>, <u>Booker</u>, and <u>Foster</u> in no way changed the elements necessary to convict Petitioner, and the sentencing statutes applicable both in 1999 and 2005 provided sufficient notice to Petitioner that the trial court had the discretion to impose consecutive, non-minimum, and even maximum sentences as long as the court made certain findings consistent with Ohio Rev. Code § 2929.14(B),(C), and(E).  When resentenced, Petitioner received the exact same sentence, which falls within the statutory range.

Petitioner essentially contends that because the findings were never made supporting more than a minimum sentence under the pre-<u>Foster</u> statute, upon resentencing, he is entitled to what the statute originally set as a minimum sentence.  Petitioner argues such minimum sentence essentially constitutes the "statutory maximum" applicable to him, due to the lack of findings to support any other sentence.  Petitioner further contends that because the standards to which he was sentenced became more onerous post-<u>Foster</u>, in that the trial court could sentence him within the entire statutory range without providing specific findings, his ex

post facto rights have been violated, even though he received the same sentence.

The Court disagrees that Petitioner's resentencing resulted in a sentence beyond the statutory maximum. For third degree felonies under Ohio law, the prison term can range from one to five years. Five years is the statutory maximum, as opposed to the one year term Petitioner construes as the statutory maximum applicable to him. Ohio Revised Code § 2929.14(A)(3). When Petitioner was originally sentenced, he knew he could be subject to up to five years per charge.

Having so concluded, the Court finds the reasoning of the Magistrate Judge thorough, well-reasoned and correct. The grounds raised by Petitioner are lacking in merit. However, out of an abundance of caution, the Court finds it appropriate to certify the question of Plaintiff's due process theory for an appeal. Reasonable jurists could very well disagree as to whether the Booker severance remedy as applied in Foster resulted in an outcome inconsistent with due process.

Accordingly, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation (doc. 10) to the extent that it DENIES with prejudice Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (doc. 1). However, the Court finds that a certificate of appealability should issue in this case because Petitioner has shown that reasonable jurists

11

could debate whether his claims raised in his second objection (doc. 13) should have been resolved in a different manner and that the issues presented are "adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484-85, (2000). And finally, pursuant to 28 U.S.C. §1915(a)(3), this Court CERTIFIES that any appeal of this order adopting the Magistrate Judge's Report and Recommendation would be taken in good faith, and therefore the Court GRANTS Petitioner leave to proceed on appeal in forma pauperis upon a showing of financial necessity. See Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).


SO ORDERED.


Dated: February 11, 2010        /s/ S. Arthur Spiegel
                                S. Arthur Spiegel
                                United States Senior District Judge